PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


DANIELLE NICHOL SZARELL,                    )
                                             )        CASE NO. 5:20-CV-1231
                      Plaintiff,             )
                                             )
             v.                              )        JUDGE BENITA Y. PEARSON
                                             )
LEE ANN SCHAFFER,                            )
                                             )        **MEMORANDUM OF OPINION AND**
                      Defendant.             )        **ORDER**


        *Pro se* plaintiff Danielle Nichol Szarell ("Szarell") has filed a civil rights complaint in

this matter against Summit County Juvenile Court Magistrate Lee Ann Schaffer.  ECF No. 1; *see*

*also* ECF No. 1-5.  Szarell has also filed a Motion to Proceed *in forma pauperis*.  ECF No. 2.

**I. Background**

        In her Complaint, Szarell contends that Magistrate Schaffer violated multiple federal and

state statutes, including criminal statutes, during a July 2019 Summit County Juvenile Court

courtroom proceeding.  ECF No. 1 at PageID #: 3; *see also* ECF No. 1-5 at PageID #: 19.

Szarell's only specific allegations, however, are that Magistrate Schaffer told her in the

proceeding that she would never see her son again if she did not sign a Children's Services case

plan, and that the Magistrate was removed from her custody case after Szarell reported her to the

Ohio Judicial Disciplinary Counsel.  ECF No. 1-5 at PageID #: 19.  For relief, Szarell seeks

$50,000,000 in damages.  ECF No. 1 at PageID #: 4.

(5:20-CV-1231)

On September 10, 2020, Szarell filed a "Motion for Summary Judgment(s)" in this case

(ECF No. 3), and also in a separate case Szarell has filed against Summit County Court of

Common Pleas Judge Kelly McGlaughlin (*see Szarell v. Kelly McGlaughlin*, 5:20-CV-1232).

The Motion is incomprehensible.  It consists of seventy-five pages of incoherent and conclusory

legal assertions and rhetoric unconnected to any discernible factual allegations pertaining to

Magistrate Schaffer.

## II.  Standard of Review and Discussion

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631

F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has

limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  *Pro se* plaintiffs must still meet

basic pleading requirements, and courts are not required to conjure allegations on their behalf.

*See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).  Furthermore, federal district courts

are expressly required  under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis*

complaints filed in federal court, and to dismiss before service any such action that the court

determines is frivolous or malicious, fails to state a claim on which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief.  *See Hill v. Lappin*, 630

F.3d 468, 470-71 (6th Cir. 2010).  In order to survive a dismissal for failure to state a claim, a

complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face."  *Id.* at 471 (holding that the dismissal standard articulated in *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

governs dismissals of *pro se* complaints under § 1915(e)(2)(B)).  "A claim has facial plausibility

2

(5:20-CV-1231)

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Even according Szarell's Complaint the deference to which a *pro se* pleading is entitled, the Court finds it must be dismissed.

"It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (citing *Pierson v. Ray*, 386 U.S. 547, 553 (1967)). Absolute judicial immunity is broad and shields judicial officers from damages suits arising out of the performance of their judicial functions even when they act erroneously or in bad faith. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). There are only two sets of circumstances in which a judicial officer is not entitled to immunity. A judge is not immune from liability for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or for actions "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

Szarell's allegations against Magistrate Schaffer clearly pertain to conduct occurring during the performance of the Magistrate's official judicial functions as to which the Magistrate is absolutely immune from a damages suit. Neither Szarell's Complaint, nor her Motion for Summary Judgment(s), plausibly suggest any action by the Magistrate falling within either of the two limited sets of circumstances in which judicial immunity may be overcome.

3

(5:20-CV-1231)

### III.  Conclusion

Accordingly, Szarell's Motion to Proceed *in forma pauperis* (ECF No. 2) is granted, and

her Complaint against Magistrate Schaffer (ECF No. 1) is dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B).  In light of this summary dismissal, the pending Motion for Summary

Judgment(s) (ECF No. 3) is denied as moot.  The Court further certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


__October 29, 2020__                                    __/s/ Benita Y. Pearson_____
Date                                                                    Benita Y. Pearson
                                                                          United States District Judge